IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHANNON FOSTER, an Individual, | CIVIL NO. 20-00429 JAO-RT |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE |
| vs. | |
| MARRIOTT OWNERSHIP RESORTS, INC., a Delaware corporation dba MARRIOTT VACATION CLUB INTERNATIONAL, et al., | |
| Defendants. | |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On October 7, 2020 Plaintiff Shannon Foster ("Plaintiff") filed a First Amended Complaint ("FAC"), ECF No. 2, asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action against Defendants Marriott Ownership Resorts, Inc. ("Marriott") and MVH of Hawaii, Inc. ("MVH").[1] FAC ¶ 3. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559

---

[1] In the caption of the FAC, Plaintiff names "MVW of Hawaii" as one of the defendants, but names "MVH of Hawaii, Inc." in the body of the FAC. *See* FAC ¶ 3.

U.S. 77, 94 (2010). The Court is presumed to lack subject-matter jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Complaint asserts the amount in controversy is in excess of $75,000, FAC ¶ 3; Plaintiff "at all material times was a resident of California" and she "is now a resident of Idaho," FAC ¶ 1; and Marriott and MVH are both Delaware corporations, FAC ¶ 2. Plaintiff adds that Marriott does business as Marriott Vacation Club International ("Vacation Club"); and MVH "owns and/or operates and does business as" Marriott's Ko Olina Beach Club ("Ko Olina"), which in turn also "does business under Vacation Club's name." FAC ¶ 2. Plaintiff further

asserts that Ko Olina is located in "Kapelei [sic], HI 96707," and that both Vacation Club and Ko Olina were "at all material times, registered as foreign corporations with the Hawaii Secretary of State, making them corporate citizens of Hawaii." *Id.*

Plaintiff's allegations as to the citizenship of each party is deficient. First, the FAC does not assert Plaintiff's *citizenship*; instead it merely asserts that Plaintiff was previously a "resident" of California and is now a "resident" of Idaho. "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828 (1989)). The natural person's "state citizenship is then determined by her state of domicile, not her state of residence[.] A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)).

Second, it is well settled that a corporation is a citizen of "(1) the state where its principal place of business is located, *and* (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)) (emphasis added). Although Plaintiff asserts that both Marriott and MVH are incorporated in Delaware, and that both do business in Hawai'i under other names that are "registered with the Hawaii

3

Secretary of State," without more, these allegations do not establish that Defendants are also Hawaiʻi citizens, as the allegations do not demonstrate that Hawaiʻi is either corporation's "principal place of business" or "nerve center," *Hertz Corp. v. Friend*, 559 U.S. 77, 98 (2010), i.e., "the place of actual direction, control, and coordination." *3123 SMB LLC v. Horn*, 880 F.3d 461, 471 (9th Cir. 2018) (quoting *Hertz*, 559 U.S. at 97).

Absent the foregoing information, the Court is unable to ascertain whether diversity jurisdiction exists. Accordingly, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff must file a response to this Order to Show Cause by **October 23, 2020**, providing complete information concerning the citizenship of the named defendants. Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiff has failed to carry her burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

//

//

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, October 9, 2020.



Jill A. Otake
United States District Judge

CV 20-00429 JAO-RT; *Foster v. Marriott Ownership Resorts, Inc., et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE